Antonio Gonzalez-Cruz
150 Raley Town Center Ste 2204
Rohnert Park, California 94928
707-321-3711
tony_gcruz707@yahoo.com
Plaintiff In Pro Per

FILED

NOV 14 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

JCS

CV16      6589

| | |
|---|---|
| ANTONIO GONZALEZ CRUZ, | ) CASE NO: |
| | ) |
| Plaintiff, | ) VERIFIED COMPLAINT FOR DAMAGES |
| | ) |
| vs. | ) VIOLATION OF 47 USC 227 *et seq.* TCPA; |
| | ) VIOLATION OF 15 USC 1692 *et seq.* FDCPA; |
| ROHNERT PARK FURNITURE | ) VIOLATION OF CALIFORNIA ROSENTHAL |
| SOLUTIONS, INC., | ) FAIR DEBT COLLECTION PRACTICES ACT |
| ACCEPTANCE NOW, LLC. | ) CC 1788 *et seq.* |
| | ) |
| Defendants. | ) |
| | ) DEMAND FOR TRIAL BY JURY |

## COMPLAINT PRELIMINARY STATEMENT

Plaintiff, ANTONIO GONZALEZ CRUZ (hereinafter "CRUZ"), individually hereby

sues ROHNERT PARK FURNITURE SOLUTIONS, INC. hereinafter ("ASHLEY") and

ACCEPTANCE NOW, LLC. (hereinafter "ACCEPTANCE"), for violations of the TCPA 47

USC §227, violations of the FDCPA 15 USC §1692, and the California Rosenthal Fair Debt

Collection Practices Act Civil Code 1788.

This is an action for damages brought by Plaintiff against Defendants for violations of

the Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A), Telephone Consumer

Protection Act (TCPA) 47 USC §227(b)(1)(A)(iii), Fair Debt Collection Practices Act

(FDCPA) 15 USC §1692g, §1692e(8), §1692e(10), the California Rosenthal Fair Debt Collection Practices Act (CFDCPA).

Plaintiff contends that the Defendants have violated the following laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt, and this debt is allegedly owed by another person, and willfully and intentionally called Plaintiffs emergency cell phone.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 28 U.S.C. §1331, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k(d), California Stat. § 1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendants conduct business in the state of California and therefore, personal jurisdiction is established.

2.      Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

3.      Plaintiff, "CRUZ" is a natural person and is a resident of Sonoma County, California.

4.      Upon information and belief Defendant, ROHNERT PARK FURNITURE SOLUTIONS, INC. hereinafter ("ASHLEY") is a corporation doing business under the trade name ASHLEY FURNITURE HOMESTORE, authorized to do business in California, with main Corporate Office at 25125 MADISON AVE, STE 106, MURRIETA, CA 92562; with ED CORN JR acting as Agent for Service of Process at 25125 MADISON AVE, STE 106, MURRIETA, CA 92562.

5.      Upon information and belief Defendant, ACCEPTANCE NOW LLC., hereinafter ("ACCEPTANCE") is a corporation, authorized to do business in California, with main Corporate Office at 5501 Headquarters Dr., Plano, TX 75024; with CT CORPORATION SYSTEM acting as Agent for Service of Process at 818 W 7TH ST, STE 930, Los Angeles, CA 90017.

## FACTUAL ALLEGATIONS

6.      Defendants ("ASHLEY") and (ACCEPTANCE") are creditors to whomever they have established a business relationship and provided services for which they can collect the account.

7.      Plaintiff alleges ("ASHLEY") and (ACCEPTANCE") are a debt collector, and is attempting to collect a debt, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (''FDCPA''), due to the fact ("ASHLEY") and (ACCEPTANCE") did not have an established business relationship with Plaintiff and is attempting to collect a consumer debt account from Plaintiff that Plaintiff does not owe.

8.      Plaintiff is a consumer as the purported debt Defendants ("ASHLEY") and (ACCEPTANCE") has also been attempting to collect is a consumer debt, from a purported person by the name of Herb Cody.

9.      Referring to the preceding paragraphs, because Defendants ("ASHLEY") and (ACCEPTANCE") is an entity which is attempting to collect consumer debts from Plaintiff which Plaintiff did not incur; brings Defendants ("ASHLEY") and (ACCEPTANCE") within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 (''CFDCPA'').

10.     Plaintiff has no prior or present established relationship with the Defendants ("ASHLEY") or (ACCEPTANCE").

11.     Plaintiff first received a call from a man named Kevin, stating he was from "Ashley Furniture", on Plaintiffs emergency cell phone. Kevin stated he worked for Defendants ("ASHLEY") and (ACCEPTANCE"), who were looking for Herb Cody, a consumer client of theirs, and they were calling regarding a past due balance Herb Cody owed to them.

12.     Plaintiff informed the person on the phone that it was "CRUZ'S" private emergency cell phone number, Plaintiff was not responsible for the debts of Herb Cody, Plaintiff disputed the debt and did not owe Defendants any money, and under no certain terms Defendants were instructed to not call Plaintiff again on Plaintiff's emergency cell phone.

13.     Defendants ("ASHLEY") and (ACCEPTANCE") representative on the phone (Kevin) assured Plaintiff that a record of the call was made with this notation, but their consumer client named (Herb Cody) would ***not be removed*** from Plaintiffs number until a new number was supplied by their consumer client (Herb Cody). Kevin ***could not guarantee that no further calls*** from Defendants ("ASHLEY") and (ACCEPTANCE") would come to Plaintiff. Plaintiff again stated not to all his private emergency cell phone.

14.     Plaintiff has no contractual obligation to pay Defendants ("ASHLEY") or (ACCEPTANCE").

15.     Plaintiff has never given Defendants ("ASHLEY") or (ACCEPTANCE") Plaintiff's cell phone number.

16.     Plaintiff has never given Defendants ("ASHLEY") or (ACCEPTANCE") express permission to call Plaintiff's cellular phone.

17.   Defendants ("ASHLEY") and (ACCEPTANCE") has never validated or verified the debt per 15 U.S.C. 1692g, but continues to attempt to collect this disputed debt.

18.   From January 2015 to September 2015, Defendants ("ASHLEY") and (ACCEPTANCE") called "CRUZS" emergency cell, on January 23, 2015 @ 12:13 PM (from 707-400-6766), February 20, 2015 @ 12:10 PM (from 800-694-3048), March 2, 2015 @ 2:32 PM (from 800-694-3048), March 6, 2015 @ 8:07 AM (from 800-694-3048), June 1, 2015 @ 8:29 PM (from 707-588-8201 from Antonio), July 7, 2015 @ 10:59 AM (from 707-588-8201 from Antonio), July 31, 2015 @ 3:24 PM (from 707-588-9084 from Kevin), August 8, 2015 @ 5:43 PM (from 707-588-8201 from Kevin), and September 21, 2015 @ 7:30 PM (from 707-588-8201 from Kevin).

19.   A Total of nine (9) calls to Plaintiffs private emergency cell phone ignoring Plaintiffs demand not to call Plaintiffs cell phone, 8 times after being instructed not to call Plaintiffs private emergency cell phone.

20.   After the third call to Plaintiffs cell phone, Plaintiff visited the store with Ronald Cupp (hereinafter "CUPP"), Plaintiffs attorney in fact, and talked to a man named Antonio. It was at this juncture that Antonio instructed and informed Plaintiff that Antonio worked for ("ACCEPTANCE") in the ("ASHLEY") store. They worked together, one the sales arm, one the financing arm. ("CUPP") demanded the calls stop, and talked to the store manager who said the calls would stop, and gave Plaintiff a business card of Eric Pemberton of the ("ASHLEY") store, and a Ronald Heisler, District Manager of ("ACCEPTANCE").

21.   On July 31, 2015 Plaintiff wrote a Notice of Intent to Sue and Commence Action Ashley Furniture Industries, Inc. by Certified Mail Receipt #7014 1820 0000 1454 5243 to agent for service of process; and to Mark Dunfresne, CEO of Ashley Furniture Industries,

Inc. Certified Mail Receipt #7014 1820 0000 1454 5250; as a condition precedent to a damage suit. Plaintiff received several responses that the calls were not from Ashley Furniture, but Ashley Furniture Homestores (a Franchisee) and Acceptance Now (a division inside of the Ashley Furniture Homestores).  Plaintiff assumed that Defendants ("ASHLEY") and (ACCEPTANCE") would stop the calls after the mailing of the Notice. **The calls did not stop.**

22.     Defendants ("ASHLEY") and (ACCEPTANCE") calls continued after Plaintiff notified ("ASHLEY") and (ACCEPTANCE") to stop (by mail and by phone). Defendants ("ASHLEY") and (ACCEPTANCE"), does not care, intentionally, willfully and knowingly violating the strict liability statute with malice, with disregard to the injuries caused to Plaintiff.

23.     On all the above referenced calls to Plaintiffs cellular phone, Defendants ("ASHLEY") and (ACCEPTANCE") asserted a right which it lacks, to wit, the right to enforce a debt against Plaintiff.

24.     On all the above referenced calls to Plaintiffs cellular phone, Defendants ("ASHLEY") and (ACCEPTANCE") trespassed on Plaintiff and Plaintiff incurred an injury as his peace was disturbed, Plaintiffs personal time was wasted, Plaintiff was charged for the call, Plaintiffs wear and tear of his emergency cell phone and wear of his battery incurred.

25.     Plaintiff has Article III standing.

### FIRST CAUSE OF ACTION
**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANTS ("ASHLEY") AND (ACCEPTANCE").**

26.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

27.     This damage is for the calls from Defendants ("ASHLEY") and (ACCEPTANCE") to Plaintiffs emergency cell phone as a total of 9 individual violations of

statute. As a separate and distinct damage and cause of action, Defendants ("ASHLEY") and

("ACCEPTANCE") has demonstrated intentional and willful or knowing non-compliance with

47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by violating strict liability statute; by the

following.

47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE
EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or
any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the
prior express consent of the called party) using any automatic telephone dialing system
or an artificial or prerecorded voice—

47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or
any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the
prior express consent of the called party) using any automatic telephone dialing system
or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service,
specialized mobile radio service, or other radio common carrier service, or any service
for which the called party is charged for the call;

28.     Defendants ("ASHLEY") and (ACCEPTANCE") has damaged Plaintiff by

violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
§ 227(b)(1)(A) making a call without an emergency purpose.
§ 227(b)(1)(A) making a call without prior express (written) consent.
§ 227(b)(1)(A) making a call using automatic telephone dialing system.
§ 227(b)(1)(A) making a call with an artificial or prerecorded voice.
§ 227(b)(3)(B) making a call without an established business relationship.
§ 227(b)(1)(A)(iii) making a call for which Plaintiff is charged for the call.
§ 227(b)(1)(A)(iii) making a call without permission to call CRUZS cellular telephone.

29.     Plaintiff spoke with ("ASHLEY") and (ACCEPTANCE"). ("ASHLEY") and (ACCEPTANCE") assured Plaintiff that the calls and collection attempts would stop. But ("ASHLEY") and (ACCEPTANCE") refuses to ceased communication and continued to violate 47 USC §227.

30.     An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

31.     Defendants ("ASHLEY") and (ACCEPTANCE") has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's emergency cell number after being notified it was not their consumers phone number, and that promising not to further call or bother Plaintiff on his emergency cell phone. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was knowingly intentional and willful.

32.     Plaintiff and ("ASHLEY") and (ACCEPTANCE") do not have within the meaning of 47 U.S.C. §227 (1) an established business relationship, (2) Plaintiff did not give ("ASHLEY") and (ACCEPTANCE") his personal emergency cell phone number, (3) ("ASHLEY") and (ACCEPTANCE") did not have express permission to call Plaintiffs emergency cell phone, (4) Plaintiff notified ("ASHLEY") and (ACCEPTANCE") to stop calling Plaintiffs emergency cell phone, (5) Plaintiff was charged for the call.  Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against ("ASHLEY") and (ACCEPTANCE") for statutory damages of $13,500.00 plus attorney's fees and costs, pursuant to 47 U.S.C §227.

## SECOND CAUSE OF ACTION

**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq.* BY DEFENDANTS ("ASHLEY") AND (ACCEPTANCE").**

33.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

34.     Plaintiff is a consumer within the meaning of 15 USC 1692a(3).

35.     Defendants ("ASHLEY") and (ACCEPTANCE") are a debt collector within the meaning of 15 USC 1692a(6); since Defendants ("ASHLEY") and (ACCEPTANCE") is attempting collection of a debt from Plaintiff who is NOT A CUSTOMER OF ("ASHLEY") and (ACCEPTANCE").

36.     Defendants ("ASHLEY") and (ACCEPTANCE") violated the FDCPA, Defendants ("ASHLEY") and (ACCEPTANCE")'s violations include, but are not limited to: the following:

a. Defendants ("ASHLEY") and (ACCEPTANCE") violated 15 USC §1692g, by failing to cease collection until they validate or verify the debt.
b. Defendants ("ASHLEY") and (ACCEPTANCE") violated 15 USC §1692e(8), by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
c. Defendants ("ASHLEY") and (ACCEPTANCE") violated 15 USC §1692e(10), by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37.     Defendants ("ASHLEY") and (ACCEPTANCE") were notified verbally over the phone, in writing by Plaintiff in the notice to commence an action, and in person, that the debt was in dispute, required verification and validation, did not belong to Plaintiff, and the calls to Plaintiffs emergency cell were to stop.

38. Defendants ("ASHLEY") and (ACCEPTANCE") continued collection of the debt.

**WHEREFORE,** Plaintiff demands judgment for damages against ("ASHLEY") and ("ACCEPTANCE") for statutory damages OF $1,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1692.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CC 1788 *et seq.* BY DEFENDANTS ("ASHLEY") AND ("ACCEPTANCE").**

39.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

40.     Plaintiff is a consumer within the meaning of 15 USC 1692 *et seq.*

41.     Defendants ("ASHLEY") and (ACCEPTANCE") is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. §1788.10(f).

42.     The account in question is a consumer credit transaction ad defined by Cal. Civ. §1788.2(e) as Plaintiff has allegedly received property, services or money from the Defendants on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

43.     Defendants ("ASHLEY") and (ACCEPTANCE") has damaged Plaintiff by violations of CCC 1788 as follows:

a.  § 1788.10(c) debt collector knows will defame the debtor.
b.  § 1788.10(f) threat to take action which is prohibited by this title.
c.  § 1788.11(e) constitute an harassment.
d.  § 1788.12(c) communicating . . deadbeat list (debt report).
e.  § 1788.13(j) false representation . .  threatening service termination. . unless payment is made.
f.  § 1788.17 shall comply with provisions of 1692b to 1692j; subject to 1692k.

**WHEREFORE,** Plaintiff demands judgment for damages against ("ASHLEY") and (ACCEPTANCE") for statutory damages of $1,000.00,  attorney's fees pursuant to §1788.30(b) and costs, pursuant to §1788.30(c).

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

November 8, 2016

Respectfully submitted:

ANTONIO GONZALEZ CRUZ
Plaintiff pro se

## VERIFICATION: OF ANTONIO GONZALEZ CRUZ

I, Antonio Gonzalez-Cruz, declare as follows:

1.     I am the Plaintiff in the above entitled matter.

2.     I am of age, sound of mind and competent to testify to facts based on first hand knowledge of above items so stated.

3.     I have been damaged financially, socially and emotionally as a result of Defendant's unlawful actions and violations as stated in the attached complaint..

4.     I have read the foregoing pleading and know the facts therein stated to be true and correct.

5.     I declare, under penalty of perjury pursuant to the laws of California, that the foregoing is true and correct to the best of my knowledge, information and belief.


Antonio Gonzalez-Cruz